STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO. AP-2015-15


JASON GRANT,
            Petitioner
                                        **DECISION AND ORDER**

    v.

MAINE DEPARTMENT OF
CORRECTIONS,
            Respondent


The matter before the court is an appeal by Jason Grant, an inmate at the Maine State Prison, from a disciplinary proceeding that resulted in the imposition of sanctions against him for the offense of "trafficking," a Class A violation. This appeal has been brought in accordance with 5 M.R.S. §11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

In a disciplinary incident report dated January 21, 2015 Cpl. Newth charged the Petitioner with the Class A violation of "trafficking,"[1] alleged to have occurred on January 20, 2015. (Disciplinary Case No. MSP-2015-0098). The report described the violation as follows:

> "The IPS [Inner Perimeter Security] team has
> been monitoring inmate _____ for the potential
> involvement in trafficking in prison contraband.
> Numerous pieces of evidence were collected

[1] "Trafficking of a drug, regardless of whether or not prescribed to the prisoner, or possession or use of a prescription drug not prescribed to the prisoner by the facility healthcare staff, or possession or use of a non-prescribed scheduled drug of the W, X, Y classification, or related paraphernalia, as defined by 17-A M.R.S.A. Class A." Policy 20.1, Procedure E.

which indicate that prisoners Grant, J. #13422 and
_____ along with, at least two civilians were
involved in illicit activities. The above mentioned
evidence is considered confidential and secured
in the IPS office, any questions contact IPS."[2]

(Administrative Record, A.R., at 2).

The Petitioner was notified on January 23, 2015 that his disciplinary hearing would be conducted on January 26, 2015. A.R. at 1. The hearing was actually held on January 30, 2015. The Summary of Hearing documented that the Petitioner had pled not guilty to the charge and contained the following explanation:

"Prisoner requested that the hearing be recorded.
I told the prisoner no that the hearing would not
be recorded. He stated that he was not guilty and
that there is no evidence indicating that he was
guilty of trafficking. He requested a notice of hearing."

A.R. at 5.

The hearing officer found the Petitioner guilty and gave the following reasons:

"Prisoner has been found guilty of the trafficking
charge based on the evidence that I.P.S. has in the
office. I had the evidence shown to me. Given
this information I do believe that the prisoner is
guilty."

*Id.*

The hearing officer recommended 30 days of disciplinary restriction, 30 days loss of good time and a $100 monetary sanction. A.R. at 6.

The Petitioner filed a timely appeal. A.R. at 7-8. He maintained that he was not guilty of the offense and made reference to an affidavit he asserted was

---

[2] Although the name of the other inmate has been blacked out on the copy of the disciplinary incident report included in the Administrative Record, counsel for the Respondent has represented that the name of that inmate was not concealed on the copy provided to the Petitioner. Respondent's Brief at 1, n.2.

submitted to the hearing officer. The Administrative Record, however, does not contain any such affidavit.[3] The designee of the Chief Administrative Officer denied the appeal and affirmed the decision and recommended disposition of the hearing officer. A.R. at 9. The Petition for Judicial Review was filed in this court on March 16, 2015.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy*, 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3).

---

[3] The Petitioner has referred to an affidavit dated 1-22-15 (A.R. at 7) and an affidavit dated 1-28-15 (A.R. at 8).

3

Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The Petitioner's claim that he was entitled to have his disciplinary hearing recorded is unpersuasive as there is no legal basis to support the proposition that an inmate has either a constitutional or statutory right to a recorded hearing. State law only requires that "[a] record must be maintained of all disciplinary complaints, hearings, proceedings and dispositions." 34-A M.R.S. §3032(6)(G).

The more difficult issue for the court is how it conducts any meaningful judicial review of this record when none of the evidence against the Petitioner is even described. All the court has to review is the incident report that declares that: "Numerous pieces of evidence were collected which indicate that prisoners Grant, J. # 13422 and _____ along with, at least two civilians were involved in illicit activities;" and the hearing officer's statement that he had been shown the evidence and was satisfied that it established the Petitioner's guilt. In this case, the court is left with reviewing conclusions without any evidentiary support in the record.

It is somewhat understandable why this is so, since the nature of the evidence is confidential and the Respondent has a strong and legitimate interest in protecting both staff and the prison population from the inappropriate and potentially dangerous release of such confidential information. The law governing disciplinary proceedings does not address the subject of how the Respondent is to deal with confidential information or how much information the prisoner is entitled to know.

4

It only provides that "[t]he client is entitled to be informed in writing of the specific nature of the alleged misconduct." 34-A M.R.S. §3032(6)(A). The Petitioner was informed in writing of the nature of the charge, but there were no specifics.

The Respondent's own policy, however, does provide helpful direction to prison staff when dealing with confidential information in the context of a disciplinary action. Policy 20.1, Section VI, Procedure C(11)(page 8 of 25) provides as follows:

> "When confidential information is necessary to support a finding of guilt, a written summary of the confidential information that does not reveal the identity of the informant shall be presented at the hearing in the presence of the prisoner. The Shift Supervisor or Unit Manager who received the disciplinary report shall ensure that the written summary is provided to the disciplinary hearing officer prior to the hearing, and the disciplinary hearing officer shall ensure that the written summary is read to the prisoner or otherwise presented at the hearing and is made part of the record of the hearing."[4]

In the court's view, this policy is a reasonable and responsible way of handling confidential information in a disciplinary proceeding that appropriately

---

[4] The second paragraph of Procedure C(11) provides:
"The Shift Supervisor or Unit Manager who received the disciplinary report shall ensure that the identity of the informant, the detailed statement of the informant, and the reason(s) for relying on the informant or the information is provided to the disciplinary hearing officer prior to the hearing, and the disciplinary hearing officer shall ensure that this confidential information is not presented at the hearing or otherwise revealed to the prisoner who is the subject of the hearing, a prisoner acting as counsel substitute, or any other prisoner. This confidential information shall be retained in accordance with Department policy and procedure but shall not be made part of the disciplinary documentation accessible to the prisoner."

balances the right of the prisoner to a fair and impartial hearing with the important need not to compromise confidential information and/or sources. The problem is that the policy was not followed in this case.

As far as the court can tell from the record in this matter, no "written summary of the confidential information," as described in Procedure C(11), was ever presented at the hearing in the presence of the prisoner, nor was such a summary made part of the record. The court does not agree that the disciplinary incident report qualifies as the "written summary" contemplated by the policy. The incident report simply states that numerous pieces of evidence had been collected that indicated that the Petitioner, along with others, were involved in illicit activities, but it never summarized any evidence whatsoever. Absent such a summary of the confidential information as contemplated by Policy 20.1, Procedure C(11), it is impossible for the court to conduct a judicial review of the administrative record in any meaningful way. For this reason, the court finds that the Petitioner's disciplinary hearing was procedurally deficient and unlawful.

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is GRANTED, the disciplinary action in this matter (MSP-2015-0098) is REVERSED and the matter is REMANDED to the Department of Corrections with instructions to conduct a disciplinary hearing that complies with Policy 20.1, Section VI, Procedure C(11).

DATED: October 31, 2016

William R. Stokes
Justice, Maine Superior Court